UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARCLIN USA, LLC,

        Plaintiff,

   v.                                    Civil Action 2:20-mc-48
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Chelsey M. Vascura

VITS TECHNOLOGY GMBH, *et al.*,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Arclin USA, LLC's ("Arclin") Motion to Compel Compliance with Subpoena issued to nonparty Hexion, Inc. ("Hexion"). (ECF No. 1.) For the following reasons, the Motion to Quash is **TRANSFERRED** to the Northern District of Georgia pursuant to Federal Rule of Civil Procedure 45(f).

        **I.**       **BACKGROUND**

The subpoena in question arises out of underlying litigation pending in the Northern District of Georgia, captioned *Arclin USA, LLC v. Vits Technology GmbH*, No. 1:20-cv-01197-MLB (the "Georgia litigation"). The Georgia litigation centers on an alleged theft of trade secrets from Arclin by Defendant Vits Technology GmbH ("Vits") and Huber Engineered Woods, LLC ("Huber"). Arclin contends that Vits and Huber secretly arranged to replicate Arclin's proprietary "three-stage treater" manufacturing line used for manufacturing a vapor barrier overlay product used in the construction industry, using proprietary information that Vits

acquired from Arclin when Arclin contracted with Vits to build the most recent manufacturing lines.

Arclin commenced this action against Vits on March 2, 2020, in the Superior Court of Fulton County, Georgia.  After hearing argument and receiving evidence, the state court issued a temporary restraining order enjoining Vits from using Arclin's trade secrets to design, manufacture, or supply a treater line to Huber.  Vits subsequently removed the action to federal court.  In the district court for the Northern District of Georgia, the parties conducted expedited discovery and, after a three-day hearing, the court entered a preliminary injunction against Vits on April 17, 2020, with a detailed opinion explaining the Court's decision entered on April 29, 2020 (N.D. Georgia Case No. 1:20-cv-01197-MLB, ECF No. 78).  In particular, the Court made extensive findings of fact and concluded Arclin had shown a substantial likelihood of success on the merits.  (*Id.*)  Arclin subsequently amended its Complaint to add Huber as a Defendant.  Vits and Huber have each filed counterclaims against Arclin.  Discovery is underway, with fact discovery scheduled to end on January 15, 2021.

Early in discovery, Arclin learned that Huber, a current customer of Arclin, worked with Hexion, among other companies, to allegedly supply resins and advice as part of Huber's and Vits's efforts to replicate Arclin's treater and product.  (Mot. 2–3, ECF No. 1.)  Arclin issued a subpoena to Hexion seeking testimony and documents regarding Hexion's work with Huber in developing its (Huber's) own Arclin treater and scheduling a deposition via videoconference on August 28, 2020.  (Subpoena, ECF No. 1-2.)  After Arclin initially served the subpoena on an incorrect statutory agent, Hexion's in-house counsel accepted service of the subpoena on September 4, 2020.  Hexion served its written objections to the subpoena on September 23, 2020, objecting on grounds of overbreadth, undue burden, irrelevance, duplication, privilege, and

confidentiality. (Hexion's Objections, ECF No. 1-8.) Arclin argues that Hexion's objections are meritless and seeks an order compelling Hexion to comply with the subpoena.

## II. STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents. Fed. R. Civ. P. 45(a)(1). If the subpoena recipient objects, Rule 45 permits the serving party to over the court for the district where compliance is required for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). Although Rule 45 does not specifically include irrelevance as a basis for objecting to a subpoena, "the scope of discovery under a subpoena is the same as the scope if discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted). When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant. *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). Courts will balance the need for the discovery against the burden imposed on the person ordered to produce documents, and that person's status as a nonparty is a factor weighing against disclosure. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or

the same issues are likely to arise in discovery in many districts."). If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas.").

### III.   ANALYSIS

The undersigned finds that transferring Motion to Compel to the Northern District of Georgia pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, whether any burden of responding is undue, and whether Arclin should be required to rely on party discovery prior to seeking documents from Hexion. Judge Michael L. Brown of the Northern District of Georgia has presided over the Georgia litigation for eight months, has already made extensive findings of fact as part of the preliminary injunction proceedings, and has adjudicated previous discovery disputes. *See* N.D. Ga. Case No. 1:20-cv-01197-MLB, ECF No. 44 (minute entry for teleconference regarding issues with discovery and depositions). Moreover, there are multiple additional discovery disputes in this case currently pending before Judge Brown. *See id.*, ECF Nos. 192, 202, 206.) Judicial economy will be best served by having all of these discovery disputes resolved by the same Court. *See also F.T.C. v. v. A± Fin. Ctr.*, LLC, No. 1:13-MC-50, 2013 WL 6388539, *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Moreover, the burden on nonparty Hexion of having this dispute adjudicated by the Norther District of Georgia will be slight. Rule 45(f) allows counsel for Hexion to file papers and appear on the Motion to Compel as officer of the Northern District of Georgia. Further, it is unlikely that any travel will be required of Ohio-based counsel, as all proceedings thus far in the

4

Georgia litigation have been held via telephone or videoconference.  *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19).  Thus, the undersigned finds any burden of transfer on Hexion to be outweighed by the exceptional circumstances outlined *supra*.

## IV.    CONCLUSION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Arclin's Motion to Compel to the Northern District of Georgia, *Arclin USA, LLC v. Vits Technology GmbH*, No. 1:20-cv-01197-MLB, and close this miscellaneous action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE